UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SVETLANA ANATOLEYVNA
ORLOW,

        Plaintiff,

v.                                           Case No. 6:21-cv-1973-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

# OPINION AND ORDER[1]

## I.   Status

Svetlana Anatoleyvna Orlow ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "6 fibroid[] tumors in [her] body" that result in "severe . . . pain," as well as other physical symptoms, overall immune system weakness, and concentration issues. Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed February 4, 2022, at 60-61, 75-76,

---

[1]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 24), filed July 6, 2022; Reference Order (Doc. No. 25), entered July 6, 2022.

235; see also Tr. at 171, 196, 240. Plaintiff also alleged during the administrative process that she suffers from post-traumatic stress disorder and depression. See, e.g., Tr. at 269-70, 289-90, 299-301. Plaintiff protectively filed an application for DIB on October 26, 2019, alleging a disability onset date of October 10, 2013.[2] Tr. at 172-75. Plaintiff later amended the alleged disability onset date to April 1, 2020. Tr. at 32-33, 193. The application was denied initially, Tr. at 59, 60-72, 73, 94-97, and upon reconsideration, Tr. at 74, 75-92, 93, 100-05.

On April 7, 2021, an Administrative Law Judge ("ALJ") held a hearing during which Plaintiff, represented by counsel, and a vocational expert ("VE") testified.[3] Tr. at 28-58. At the time of the hearing, Plaintiff was forty-three (43) years old. See Tr. at 54 (ALJ describing a hypothetical individual to the VE that was "[c]urrently . . . 43 years old"). On May 5, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-21.

Thereafter, Plaintiff undertook self representation and sought review of the Decision by the Appeals Council, submitting some letters in support of the request. See Tr. at 4-5 (Appeals Council exhibit list and order), 164 (request for

---

[2] Although actually completed on October 31, 2019, Tr. at 172, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as October 26, 2019. See, e.g., Tr. at 60, 75, 169, 194.

[3] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the COVID-19 pandemic. Tr. at 30, 129-30.

review), 355-60 (letters). On September 20, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.

On November 24, 2021, Plaintiff commenced this action pro se under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision. Attached to the Complaint are several documents that either are already contained in the administrative transcript or do not offer any substantive insight beyond what was considered by the Administration.[4]

In accordance with the Court's Scheduling Order requiring submission of legal memoranda in support of the parties' respective positions, Plaintiff on April 11, 2022 filed an "updated" memorandum (Doc. No. 19; "Plaintiff's Memorandum" or "Pl.'s Mem.") (capitalization omitted).[5] Defendant on May 18, 2022 filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") responding to Plaintiff's Memorandum. After a thorough

---

[4] Even if the documents did offer additional insight, this Court could not consider them for purposes of deciding the matter under sentence four of 42 U.S.C. § 405(g) because the Court's review of the Commissioner's final decision is limited to the certified administrative transcript.

[5] On April 12, 2022, the Court directed the Clerk to terminate the first-filed memorandum (Doc. No. 18) and stated that the second-filed, "updated" memorandum (Doc. No. 19) would be considered in resolving Plaintiff's appeal. See Order (Doc. No. 20). Citations to this memorandum (Plaintiff's Memorandum) follow the pagination assigned by the Court's electronic filing system.

review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 13-21. At step one,

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 1, 2020, the amended alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: uterine fibroids, intramural leiomyoma of the uterus, obesity and hypercholesterolemia." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 404.1567(c) except with frequent climbing of ramps or stairs, occasional[] climbing of ladders, ropes or scaffolds, frequent balancing, stooping, kneeling, crouching, or crawling and no exposure to hazards and with an ability for remembering simple information, and performing simple routine work task[s] during [an] 8 hour workday.

Tr. at 15 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "secondary school teacher" and a "customer service representative." Tr. at 19 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the

sequential inquiry. Tr. at 19-21. After considering Plaintiff's age ("34 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 19 (some emphasis omitted), such as "kitchen helper," "hand packager," and "preparation cook," Tr. at 20 (some capitalization omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from April 1, 2020, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

In Plaintiff's Memorandum, in the "Statement of the Issues" section, she merely discusses the various ailments from which she suffers and explains how she is affected by them. Pl.'s Mem. at 2 (emphasis omitted). Additionally, Plaintiff alleges her conditions are now worsening because of the state of international affairs and her own personal issues, id. at 3-4, but this alleged worsening cannot be considered by this Court because the Court is limited to reviewing the ALJ's Decision which only adjudicated Plaintiff's claims through

the date of the ALJ's Decision (May 5, 2021).[7] Aside from that, Plaintiff cites various listings she evidently believes are relevant to her case. Id. at 3, 4. Attached to Plaintiff's Memorandum is some medical evidence from 2017 (included in the administrative transcript or otherwise not material here), id. at 5-10, and a portion of the ALJ's Decision with Plaintiff's hand-written notes in the margins, id. at 11-17. Plaintiff writes "not true" regarding many of the ALJ's findings, particularly those in which the ALJ was evaluating her allegations of how her impairments affect her. See id. at 11-17. Plaintiff also claims, without explanation, that "not all evidence were [sic] verified and interpreted correctly." Id. at 13.

Construed liberally, Plaintiff's Memorandum challenges: 1) the ALJ's finding that Plaintiff is not as limited as she alleges; and 2) the ALJ's finding that Plaintiff does not have an impairment that meets or medically equals a Listing. These challenges are addressed in turn.

**A. ALJ's Finding that Plaintiff is Not as Limited as She Alleges**

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing:

---

[7] Plaintiff also filed a Notice on May 9, 2022, in which she further educates the Court about her background and the worsening of her circumstances. For the same reasons previously discussed, the Court is limited to a review of the certified administrative transcript regarding alleged factual allegations. And, the Court cannot consider the alleged recent worsening of her symptoms in reviewing the ALJ's Decision. If Plaintiff has a worsening of symptoms, she is free to file another claim for benefits through the Administration.

- 8 -

(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"In evaluating the intensity and persistence of a claimant's symptoms, the ALJ considers the entire record, including the objective medical evidence, the claimant's history, and statements of the claimant and [his or] her doctors." Belser v. Soc. Sec. Admin., Comm'r, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) (unpublished) (citing 20 C.F.R. §§ 404.1529(c)(1)-(2)). The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" also consider other factors related to symptoms such as pain, including:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional

> limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[8]

Here, the ALJ initially recognized Plaintiff's assertions of how her pain and other impairments affect her, including allegations that "back, leg, head or migraine pain, abdominal pain, and chest pain prevent her from work." Tr. at 16. The ALJ also summarized Plaintiff's testimony about her medications. Tr. at 16. Finally, the ALJ recounted Plaintiff's testimony about how her impairments affect her from a work-related limitation perspective:

> [Plaintiff] alleged that she could stand or walk for 20 minutes, sit 15 to 20 minutes, and lift or carry 5 pounds. [Plaintiff] alleged that she has difficulty with depression, lack of memory and anxiety. [Plaintiff] alleged that her conditions affect lifting, squatting, bending, standing, reaching, walking, sitting, kneeling,

---

[8] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." SSR 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

> talking, hearing, stair climbing, seeing, memory, completing tasks, concentration, understanding, following instructions, using hands and getting along with others.

Tr. at 16 (citation omitted).

The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 16.

The ALJ next discussed in detail the medical and other evidence. Tr. at 16-19. The ALJ found that "there is a general lack of objective medical evidence and laboratory findings to support [Plaintiff's] allegations." Tr. at 16. In sum, the ALJ reviewed the record as a whole and determined that Plaintiff is not as limited as she alleges. The ALJ adequately considered Plaintiff's subjective complaints, and the ALJ's findings are supported by substantial evidence.

### B. ALJ's Findings Regarding Listing-Level Impairments

At step three, the burden rests on the claimant to prove the existence of a Listing-level impairment. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). Mere diagnosis of a listed impairment is not sufficient. See, e.g., id.; see also Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002). "To meet a

Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson, 284 F.3d at 1224 (internal quotations and citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." Id. (internal quotations and citations omitted).

Here, the ALJ considered at step three whether Plaintiff meets or equals a Listing, and found she did not. Tr. at 15. Although Plaintiff now points to various Listings she thinks should have been addressed, see Pl.'s Mem. at 3, 4, it was Plaintiff's burden at the administrative level to show she met or equaled one of these Listings, and mere diagnoses of the impairment(s) to which Plaintiff now points were not enough to meet that burden, see Wilson, 284 F.3d at 1224. The ALJ did not err at step three.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

    2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on December 14, 2022.

*[signature: James R. Klindt]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record
<u>Pro</u> <u>Se</u> parties